UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MITCHELL KEITH GOODRUM, | Case No. 3:24-cv-00005-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| NUGGET CASINO, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Mitchell Goodrum filed an application to proceed *in forma pauperis* ("IFP") (ECF Nos. 6, 8) and a motion for leave to file a civil rights complaint under 42 U.S.C. § 1983 with a complaint attached (ECF No. 1-1 ("Complaint")). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney, recommending that the Court grant Plaintiff's IFP application, dismiss his federal law claims with prejudice, and dismiss any state law claims without prejudice so that Goodrum may assert them in state court. (ECF No. 9.) Objections to the R&R were due June 21, 2024. (*See id.*) To date, Goodrum has not objected to the R&R.[1] For this reason, and as further explained below, the Court will adopt the R&R in full and will dismiss this action.

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and

---

[1]Plaintiff filed a notice of appeal on June 28. (ECF No. 10.) The Ninth Circuit subsequently issued an order dismissing the appeal for lack of jurisdiction because no final or appealable order existed in this case. (ECF No. 12.) The Court also notes that Goodrum did not make any argument in his improperly-filed appeal or refer to the R&R, and thus the Court does not construe the notice as a proper objection to the R&R.

recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original).

First, as to Plaintiff's IFP application, the Court agrees with Judge Denney that Goodrum has demonstrated his IFP status. (ECF No. 9 at 1-3.) *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. The Court thus grants the IFP application (ECF No. 6). However, the Court notes that Plaintiff is still required to pay the full filing fee as prescribed in 28 U.S.C. § 1915(b). (ECF No. 9 at 2.)

Judge Denney next screens the Complaint under 28 U.S.C. § 1915A. (ECF No. 9 at 3-5.) A complaint in an IFP action is subject to dismissal when the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted). The Court agrees with Judge Denney's recommendation for dismissal because Goodrum names only private actors—Nugget Casino, General Manager Scott Tate, and Security Manager Dallas Johnson—as Defendants in his Section 1983 Complaint. (ECF No. 9 at 4-5.) Goodrum attempts to bring claims against these Defendants under the Eighth and Fourteenth Amendments. But Section 1983 relief is only available when a constitutional violation is proximately caused by the conduct of a "'person' . . . acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The Court thus dismisses Plaintiff's federal constitutional claims with prejudice. To the extent that Plaintiff attempts to assert claims against Defendants under *state* law—including claims for negligence—the Court dismisses such state law claims without prejudice so that Plaintiff may raise them, if appropriate, in state court.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 9) is accepted and adopted in full.

It is further ordered that Plaintiff's IFP application (ECF No. 6) is granted.

1      It is further ordered that Goodrum is required to pay, through the Nevada Department of Corrections, an initial partial filing fee in the amount of $50.92 within 30 days of the entry of this order. Thereafter, whenever Plaintiff's prison account exceeds $10, he is required to make monthly payments in the amount of 20% of the preceding month's income credited to his account until the full $350 filing fee has been paid for this action, consistent with 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

The Clerk of Court is further directed to send a copy of this order to the Chief of Inmate Services for the Nevada Department of Corrections.

The Clerk of Court is further directed to file the Complaint (ECF No. 1-1).

It is further ordered that Plaintiff's federal constitutional claims are dismissed with prejudice.

It is further ordered that, to the extent that Plaintiff attempts to assert any state law claims in the Complaint, these claims are dismissed without prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 23rd Day of July 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE