1  Mitchell Keith Goodrum
2  PO Box 7000
3  Carson City, Nevada 89701
4  Northern Nevada Correctional Center
5  Inmate No 1213846
6
7           United States District Court
8                District of Nevada
9
10  Mitchell Keith Goodrum              Case No _____
11           Plaintiff,                 Motion For Leave to
12  Vs                                  file 42 USC§1983
13  Nugget Casino etal                  (see) Attached document
14  General Manager Mr Scott Tate       Case No 22-10DC-0014
15  Security Manager Mr Dallas Johnson
16           defendants
17
18                                      Demand For Jury Trial
19
20              Introduction
21  1) Now Comes, Plaintiff Mitchell Keith Goodrum in "pro se", files this
22  complaint with the US Dist CT of Nevada, alleging all which is
23  stated in the original complaint once filed with 10th JDC withdrawn
24  without prejudice, approved by the honorable Judge Stockard.
25  2) Plaintiff, respectfully request the US Dist Ct rule on the case,
26  to allow it to go forward.
27              Mitchell Goodrum
28
                    (1)

New case.

FILED
OCT 4, 2021
2022 JAN -5 PM 3 00
SUE SEVON
COURT CLERK
BY [signature] DEPUTY

1  Case No 22-10DC-0014
2  Mitchell Keith Goodrum
3  PO Box 0650
4  Indian Springs Nevada 89070-0650
5  High Desert State Prison
6  Inmate No 1213846
7
8  IN THE TENTH JUDICIAL DISTRICT COURT FOR THE STATE OF NEVADA
9  IN AND FOR THE COUNTY OF CHURCHILL
10

| | |
|---|---|
| Mitchell Keith Goodrum plaintiff, vs. Nugget Casino et al General Manager Mr Scott Tate Security Manager Mr. Dallas Johnson defendants | Civil action pursuant to the Eighth and Fourteenth Amendments, under 28 USCS Conspiracy 241, and Deprivation 28 USCS 242, Criminal Law 641.4(1), Tort of Negligence NRS 200.390, 178.397, Tampering with evidence 18 USCS 1512 (b)(3), |

21  Supressing Evidence under NRS 180.060, Brady Act violation,
22  Perjury under NRS A-50-2000-29, Right to Due Process
23  under NRS 260.050, Confrontation Clause Violation,
24  Cruel and Unusual Punishment 42 USC 115(2), Right to
25  Expert Witness under NRS 7.135, Violation of truth in
26  Content 6.130(2), Right to Fairness, Right to Fair Trial.
27  Deliberate Indifference.      Demand For Jury Trial
28

(1)

## Information

1) This is a civil rights action, Filed by Mr. Mitchell Keith Goodrum. He is a state prisoner housed at Ely State Prison, serving life without parol. In part due to the testimony of Mr Dallas Johnson, an employee of the Nugget Casino, Fallon Nevada.

This action is filed for damages caused by Mr Johnson testimony, in that he committed perjury under as noted under NRS A-50-2000-27 violation of plaintiffs 8th and 14th Amendment Rights, which caused the jury to unfairly judge the plaintiff. This was also a Criminal Act of State Law under 641.4(1), as he conspired with the Fallon Police Department, as defined under 18 USCS 241 to supress Evidence as defind under NRS 180.060, which Deprived the plaintiff of his 14th Amendment Rights to, and as defind under 18 USCS 242 Deprivation. Which showed Deliberate Indifference as defind under _____ . Was the Tort of Negligence under NRS 200.390, and 178.397, when Mr Johnson Tampered with evidence "Video" as defind under 18 USCS 1512(b)(3) All of which is a Brady Act Violation _____ which denied plaintiff his right to Due Process as defind under NRS 260.050, and violated the Truth in Context under 6.130, by fabrication of both video times, and testimony. This act of denieing Mr Goodrum his right as to Right to Expert Witness under 7.135 when Mr Johnson presented himself to be head of security, knew and should have known he was causing a violation to plaintiff hearing from an expert witness as defind under NRS 7.135. Was a violation of the Confrintation Clause as defind under All of which denied plaintiff of his right to a Fair Trial

(2)

## Jurisdiction

2) The Churchill County District Court has jurisdiction of the plaintiff's claims of violations of both Federal and State Laws, and Constitutional Rights, which fall under 42 USC 1331(1), 1343. The court has jurisdiction over plaintiff's supplemental Laws of Tort claims as defind under 28 USC 1367, NRS 200.390. The Federal Rule of procedure 12(b)(6). (See) Chappel V. Lab Corp of America 232 F3d 719, 723 (9th Cir 2000).

Plaintiff submitts the claim should not be dismissed due to failure to state a claim (See) Morley V. Walker 175 F3d 756, 759 (9th Cir 1999), as the court has the power to allow this complaint to be heard. Additionally, the court has an obligation to make a determination that it will take all allegations as true, and therefore construes them in the most light favorable to plaintiff. (See) Warshaw V. Xoma Corp. 74 F3d 955, 957 (9th Cir 1996) The court should also view the claim in a less stringent standard then formal pleadings drafted by Lawyers (See) Hughes V. Rowe 449 US 5, 9 (1980) This complaint conforms to Rule 12(b)(6), and although it does not require factual allegations to be listed at this time. The plaintiff will provide more then mere laibles and conclutions (See) Bell Atl Corp V. Twombly, 550 US 544, 555 (2007) The court also has an obligation to seek the truth. Therefore, plaintiff will provide the framework of this complaint as infact supported by true and factual allegations and plausible. The plaintiff prays the court will common sense in determining whether the complaint gives rise to the element required for relief.

(3)

1. Plaintiff will address arguable basis of both fact and law.
2. The plaintiff will deminstrate why defendants are not immune
3. from a lawsuit and/or claims addressed in this complaint. (see)
4. Neitzke V. Williams 490, US 319, 327-28 (1989), where plaintiff
5. may have had fantastic or delusional scenarios, the opp-
6. osite is fact here. (see) Lewis V. Casey 518 US 343, 346 (1996)
7. Also plaintiff has the right to access the courts (see) Shap-
8. ely V. Nevada Bd 766 F2d 404, 407 (9th Cir 1985).

(4)

## Parties

3) Plaintiff, Mr. Mitchell Keith Goodrum a state prisoner at Ely State Prison in Ely Nevada. His address is known as PO Box 1989 Ely, Nevada 89301-1989 (Amended) PO Box 0650, Indian Springs Nevada 89070-0650

Defendant's Owners, John and/or Jane Doe, MR D. Scott Tate, security official Mr. Dallas Johnson. Are all being sued in their official and individual capacity's. Their address is know to plaintiff as 562 North Maine Street Fallon, Nevada 89406 (phone 775-423-3101)

## Fact of Claim

4) In the intrim of March 21, 2017 and January 16 of 2019 the plaintiff was charged with Open Murder, Attempted Murder and various other related charges.

The Nugget Casino employee Mr Dallas Johnson had been asked by Fallon Police Department officier's to supply a video and testimony of relevent information of plaintiffs interaction with employee Ellesibeth Allen and plaintiff's movements within the view of servalanene camera's on the property known as the Nugget Casino located at 562 North Maine Street Fallan, Nevada. 89406. Mr Johnson acting as a representative for the owners of the Nugget and under the supervision of General Manager D. Scott Tate, was asked by the Fallon Police Department to supply all video servalince of plaintiff Mr Goodrum's movements within any camera's view of

(5)

1  the Nugget Casino. Mr Johnson was tasked with that re-
2  sponsibility of suppling said information.
3  Mr Johnson, who testified in court in trial 17-10DC-1120
4  a Murder trial, that the information he provided was
5  infact all relevent video as requested by the P.D.
6  he went on to authenticat the video as a true and
7  full account of plaintiff's movements, as documented
8  by servailance video. Mr Johnson, knew and should have
9  known was incorrect, and infact was perjury as the
10 law provides. As, he knew and should have known add-
11 itional video exsisted of plaintiff entering the Casino,
12 and exiting the Casino from outside survalence cameras
13 Mr Johnson failed to deliever those outside views to the
14 Fallon Police Department. He failed to do so, and/or com-
15 mitted perjury by claiming the authentiaction that, these
16 submitted video's at trial were complete, and/or a full
17 account of plaintiff's movements at or in or outside
18 the Nugget Casinos on March 21, 2017.
19 Mr Johnson further testified the camer video times
20 were not correct, and went so far as to testify
21 and/or imply the plaintiff was in the Nugget Casino
22 at 6$^{PM}$ to 6:11$^{PM}$. Or failed to clairify of the correct
23 or accuate time of plaintiff's movements on March 21,
24 2017. Mr. Johnson knew and should have known that
25 plaintiff was in the casino on or about 4:15$^{PM}$ to
26 4:30$^{PM}$ on March 21, 2017. By Mr Johnson testifying
27 as the security manager, he took on the responsibil-
28 ity of providing testimony which the jury would

(6)

1  find him to be both credible and knowedgable to provide
2  full disclosure. However, that was mis-leading by way
3  of Mr. Johnson and the General Manager witholding the
4  video of Mr. Goodrum's movements outside the Nugget
5  and within the views of the Nugget's video camera's,
6  as required by the Nevada Gambling Commition's rules
7  and/or state gamming commition laws. By his own admis-
8  sion, the times on the video's are often wrong and
9  must be corrected reguclarly. (see)
10
11  Mr. Johnson, by authenticating the that the video's where
12  a accurate depictions of all the video turned over
13  to the Police Department, it was mis-leading to the
14  jury, which cause the jury unable to fairly judge the
15  plaintiff in a murder trial.
16  Mr. Johnson, acting for the Nugget Casino, supplied in-
17  complete information to the Fallon Police Department.
18  defendant's are liable for the information, testimony,
19  and evidence in which was supplied by the Nugget
20  Casino.
21  Defendant's either conspired with the Fallon Police
22  Department to withold key evidence in a murder
23  trial, or/and failed to provide that known video.
24  Thus, caused the jury to believe the prosecutions
25  case that plaintiff departed the Nugget Casino at
26  6:11 pm walked to the Overland and with pre-meditation
27  assualted Miss Sherlly Ng and murdered Mr. Warren
28  Butler. Which was not true, nor physically posible.

(7)

1  There was no other video supplied by the Nugget
2  Casino supervision, management or owners, although the
3  defendant's had the video of plaintiff walking outside
4  the Nugget. As is required by state law to keep those
5  video records.

7  Mr. Johnson, by way of his testimony (see)

9  Supplied information he knew to be faulse when he
10 viewed in court the spliced video, which he or the
11 police or the district attorney produced at trial, was
12 not what he supplied to the authorities, and if it
13 was what he supplied as a whole, the Nugget spliced
14 the video and therefore, it was not a true and acc-
15 urate account of plaintiff's movements on March 21, 2017
16 The authentification of the video was perjury on
17 any level by the defendant. Defendants suppressed the
18 truth in content by taking an oath to tell the truth
19 the whole truth and nothing but the truth. Leaving
20 the jury to believe the video shown was complete
21 and all video defendants had recovered.
22 The testimony provided by the defendant's were so
23 damaging to the plaintiff that it was the foundation
24 for the prosecutions case that Mr Goodrum comitted
25 pre-meditation of murder, for had the facts, the
26 truth be told by Mr Johnson it would have changed
27 the trial and the verdict of pre-meditation. Thus,
28 caused plaintiff not to receive a fair trial.

(8)

1. It is worth noting that defendant Mr. Johnson was asked
2. if the video shown at trial was a true account of what
3. he supplied to the Fallon Police Department (see)
4.
5. This proves A) He either committed perjury, B) He consp-
6. ired with police to supress key evidence C) He himself
7. altered the video by splicing it before giving it to police.
8. D) He himself altered times on the video to add police
9. to obtain a pre-meditated conviction. All of which caused
10. the plaintiff not to received due process to a fair trial,
11. cause deprivation, was a conspiricy to commit perjury, was
12. the tort of negligence, tampering with evidence, supressing the
13. truth in content, a brady act violation, denied plaintiff his right
14. to an expert witness, caused cruel and unusual punishment,
15. all of which cause plaintiff in part, not to receive a fair trial.
16. Thus, was also, was a violation of plaintiffs 8th and 14th
17. Amendmant Rights afforded plaintiff under the US Constit-
18. ution of the United State of America.
19. These facts will go undisputed, and will be proven to
20. be 100% true, by the subpoena of witnesses, video,
21. and transcripts of the trial. Exhibit #10 the spliced
22. video was not all the video. Mr. Jackson knew or should
23. have known plaintiff was in the casino early that day as
24. Ellesibeth Allen had testified plaintiff was in the casino
25. and talk to her (see) Elleizibeth's testimony January 9
26. 2017 page 66 lines 3 to 7, page 64 lines 15 to 24,
27. page 66 lines 1 to 24.
28.

(9)

## Case Law

1. The defendants had actual and/or constructive knowledge that their employee Mr. Johnson was engaged in testimony that posed a pervasive and unreasonable risk of constitutional injury to the plaintiff, by falsly testifying to the authenticity of the spliced video of the plaintiff. Defendants a supervisors had the knowledge that their testimony was so inadequate as to show the deliberate indifference to justice. Also, that there was an affirmative causal link between Mr. Johnson and the particular constitutional injury suffered by plaintiff's rights. Those defendant's bear the heavy burden of proof, which can only be satisfied by the promulgating of their procedures ruled by the State Gambling Board to allow such a conceivable occurrence within the area of responsibility to occure. Which, they clearly cannot, as they all are responsible to maintain accurate video times. Therefore, plaintiff has the right to litigate for such deficances which cause the plaintiff constitutional harm, and therefore is entitled to collect monetary damages. Every person who testifies under oath shall be subject or cause to be subject to litigation, and lible for damages within the jurisdiction of the law, who causes harm by way of deprivation, and constitutionl injury of plaintiff due process shall be subject to a lawsuit. For it is not just the deprivation of ones right to a fair trial, rather the actual intent knowingly,

(10)

1  willingly and with malous and sadistical intent to denie
2  the plaintiff federally protected rights, by providing faulse
3  testimony in a murder trial (see) Smith V. City of Fontana
4  818 F2d 1411, 1418-20 (9th Cir 1987) The right of action arises
5  when plaintiff has a legal right to enforce it's claim
6  (see) Norco Construction Inc V. King County 801 2d (9th
7  Cir 1986) The defendant's acted in the performance
8  of their duties in an official capacity for the Nugget
9  Casino, and in that capacity when testifing had the
10 effect to influence the behavior of the court, the
11 prosecutor and the jury. This behavior, conduct was
12 and had in a meaningfull way in their performance of
13 their duties, provide information they knew to be faulse.
14 A lawsuit can therefore be brought against both
15 as an individual, and the Company which employes them.
16 For if this were not the case, no lawsuit could ever
17 stand the test of liability, or be sucessfull in a court
18 of law. (see) Laws of Tort 8's Speiser C Krause & A.
19 Gans American law of tort, cannon law of tort C.F. Stoch-
20 ura, Supra, at 306 9L LEd 2d 249, 106 S CT 2537.
21 Under the laws of tort a person and/or company can
22 be litiogated against directly for monetary, declaratory,
23 or injuctively and punitively relief. A defendant who
24 personally testifies to something they know to be
25 untrue, as Mr Johnson did, can also be sued individ-
26 ually when his testimony is under oath. When re-
27 litive substative rules and laws under the State of
28 Nevada, are applied as matiral fact, the non-moving

(11)

1  party has the burden to show why the moving party should
2  not privail.
3  The light most favorable to plaintiff, enjoys substative
4  rights and shall not be deprived. Pursuant to the rules
5  of civil litigation, genuine issues raised by a plaintiff must
6  be shown by defendants to not be the case. When plaintiff
7  can show deliberate indifference, unconstitutional injury,
8  promulgated by the non-moving party, the plaintiff shall en-
9  joy a judgement in the form of monentary relief, unless
10 defendants can show cause why plaintiff should not pre-
11 vail. However, when plaintiff shows the causal link between
12 the constitutional injury and a policy of a company, that
13 plaintiff is entitled to be heard in a court of law. The company
14 cannot hide behind the failure to train a supervisor as is Mr
15 Johnson, liability let be on the owners of the company,
16 and/or the general manager Mr D. Scott Tate. Satutory
17 challenges to actions brought by the plaintiff, for the pur-
18 pose of collection of damages. The actors of a company
19 cannot use the badge of their limited supervision of
20 their employees to deprive individuals from bring lawsuits
21 against all defendants listed in this action. Liability
22 lay squarly on the shoulders of the Nugget Casino, and
23 it's employees. They all are wrongdoers and had the eff-
24 ect of depriving plaintiff of a fair trial within the
25 meaning of fairness, and caused substantial harm
26 by the jury finding plaintiff guilty of "pre-meditated"
27 murder based on and in part Mr Johnson's faulse
28 testimony.

(12)

1  Plaintiff's right to execute an adadequate provision of
2  both law and fact will be deminstrated in discovery.
3  Plaintiff statutes for filing a claim are within the
4  provisions of set by law. Plaintiff asserts an independ-
5  ent sufferage, which flowed from the wrongdoer's, def-
6  endants. Those wrongfull acts exsist, and plaintiff to
7  this day is paying the price for those wrongfull acts
8  by defendant, by way of Cruel and Unusual Punish-
9  ment "Life in Prison" without any chance of parol.
10 Plaintiff has and will show, and establish, the elements
11 which occured, and violated his constitutional injuries,
12 Tort law principles will establish the elements of cause
13 and result due to defendant's violations. Uniformally,
14 Cause of actions by defendants, damaged plaintiff in
15 such a way that plaintiff shall be entitled to relief.
16 The defendants shall be held accountable, must be libile
17 and share responsibility for plaintiff's conviction, by
18 the Nugget and the prosecution, because the Nugget
19 layed the foundation for the State to pursue the
20 "Pre-meditation" part of that conviction, based on
21 a lie, purpotrated by Mr Dallas Johnson when he
22 steded the video was an accurate account
23 of the events on March 21, 2017, when he knew
24 or should have known that was not true. These
25 issues raised are compelling evidence and the impeach-
26 ment of plaintiff's credibility was compromised by the
27 perjury testimony of Mr Dallas Johnson, and for that
28 he should also be held responsible for.

(13)

1. Defendant, Mr Dallas Johnson failed to cure the state-
2. ment of varification of what the video represented. The
3. prosecution did not put the words in Mr Johnson mouth
4. he did it all on his own. Mr Johnson had an obligation
5. when he took an oath to tell the truth, to clearify
6. that the video was not what he submitted to police if
7. that was fact, otherwise he owened what was being
8. shown in court. He went to the exstent to authenticate
9. the video a true to what he submitted. Mr Johnson had
10. an obligation to testify with reasonable diligence in
11. a murder trial, to be accurate in his statements.
12. (see) Diomango V. State 124 Nev 414, 412, 185 P3d 1031,
13. 1036 (2008) It is more likely then not that the Nugget
14. Casino owners, management and Mr Johnson engaged
15. in purposefull perjury, supression of key evidence and
16. wrongfull and select wording in order to add the prose-
17. cution to secure a conviction. (see) Ford V. State 122
18. Nev 398, 404, 132 P3d 574, 578 (2006)
19.         Relief Requested
20.     Wherefore, plaintiff incorpenates all issues raised
21. in items 1 through 14.
22.     Plaintiff respectfully request the court issue
23. a declatory judgement stating in part, the Nugget
24. Casino owners, General Manager D. Scott Tate, and
25. Mr Dallas Johnson have violated plaintiffs 8th and 14th
26. Amendment Rights as well as all issues listed in
27. this complaint and on page(1) of this complaint.
28.

(14)

1. That plaintiff has a legal right to pursue litigation against Nugget Casino etal, General Manager Mr Scott Tate, and Security Manager Mr. Dallas Johnson, for damages, relief, caused by Mr Johnson's perjury testimony, false reporting, Conspiracy, Deprivation, Criminal acts, Tort of Negligence, Tampering with Evidence, Supressing Evidence, Plaintiff's Right to Due Process, Confrintation Clause, Cruel and Unusual Punishment, Right to Expert Witness, Violation of truth in content, Right to Fairness, Right to a fair trial, and Deleberate Indifference.

### Relief Requested

1) Award Compensitory Damages in the amount of $150,000.00 against Nugget Casino etal, Mr Scott Tate, Mr Dallas Johnson inclusive.

2) Award Punitive Damages in the amount of $100,000.00 against the Nugget Casino etal, Mr Scott Tate, and Mr Dallas Johnson, inclusive.

3) Award any and all legal cost which plaintiff may encure to prosecute this claim, and court cost.

4) Award any and all amounts the court feels warrented.

Mitchell Goodrum   OCT 4, 2021
Mitchell Goodrum, plaintiff

(15)

Affirmation Pursuant to NRS 239B.030

I Mitchell Keith Goodrum, NDOC# 1213846, Certify that i am the undersigned individual and that the attached document entitled Goodrum V. Nugget Casino, Tate, Johnson - Does not contain the social security number of any persons, under the pains and penalties of perjury.

Dated  4  day of October 2024

Signed: Mitchell Keith Goodrum
Mitchell Keith Goodrum
Inmate No 1213846
High Desert State Prison
PO Box 0650
Indian Springs Nevada 89070-0650

Case No _____